UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 14-CV-80407-SCOLA/VALLE

HARVEY SILVERMAN and
SILVERMAN PARTNERS, L.P.,

        Plaintiffs,

vs.

ARTHUR FALCONE, FALCONE GROUP, LLC,
FALCON COMMERCIAL DEVELOPMENT,
LLC, FALCON PARK WEST, LLC, FALCON
PARK WEST II, LLC, MIAMI FIRST, LLC,
MIAMI SECOND, LLC, MIAMI THIRD, LLC,
MIAMI WORLDCENTER HOLDINGS LLC,
MR 44 MGR LLC, PWV GROUP 1 HOLDINGS,
LLC, PARK WEST VENTURES, LLC, PWV
MEMBER, LLC, MIAMI A/I, LLC, and
CENTURION PARTNERS PW INVESTORS, LLC,

        Defendants.

_____

## SECOND AMENDED COMPLAINT

Plaintiffs, Harvey Silverman and Silverman Partners, L.P., sue Defendants, Arthur

Falcone, Falcone Group, LLC, Falcon Commercial Development, LLC, Falcon Park West, LLC,

Falcon Park West II, LLC (these four entities are collectively referred to as the "Primary Falcone

Entities"), Miami First, LLC, Miami Second, LLC, Miami Third, LLC, Miami Worldcenter

Holdings LLC (these four entities are collectively referred to as the "Secondary Falcone

Entities"), MR 44 MGR LLC, PWV Group 1 Holdings, LLC, Park West Ventures, LLC, PWV

Member, LLC, Miami A/I, LLC, and Centurion Partners PW Investors, LLC ("Centurion")

(collectively, all Defendant entities are referred to as the "LLC Defendants") (Plaintiffs and

Defendants are collectively referred to as the "Parties"), and allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs' claims are founded on Falcone's real estate and financial scheme carried out through fraudulent transfers, which unjustly enriched Defendants in connection with a much publicized real estate development project in Miami, Florida, which is known as the Miami Worldcenter.

2.     This is an action for equitable relief and damages in an amount to be determined at trial but no less than $40 million, exclusive of interest, costs, and attorneys' fees, relating to Plaintiffs' rights to receive equity interests from certain Defendants, arising out of Falcone's real estate and financial scheme carried out through fraudulent transfers, fraudulent conveyances, and related actions of the other Defendants, all of which are within the subject matter jurisdiction of this Court.

3.     The factual basis for this lawsuit is that Falcone, individually and/or through the Primary Falcone Entities, as legal and beneficial co-owners and members, used approximately $40 million dollars in capital contributions and direct lines of credit from Plaintiffs to effectuate a real estate and financial scheme, which included, among other actions, moving Miami Worldcenter properties, in which Plaintiffs had an ownership interest, to Secondary Falcone Entities and/or third party investors in which Falcone retains a legal and/or beneficial interest, thereby unjustly enriching Defendants and depriving Plaintiffs of their ownership interests, invested capital, and return on their invested capital contributions.

## JURISDICTION AND VENUE

4.     This Court has diversity subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000, exclusive of interests and costs, and this matter is between citizens of different states.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

5.      Venue is proper in this case pursuant to 28 U.S.C. § 1391 as the causes of action alleged herein accrued in this judicial district and the real property which is the subject of this lawsuit is located within this judicial district.

## PARTIES

6.      Plaintiff Harvey Silverman is an individual residing in New York and is and at all times relevant hereto was a member and/or interest holder of the entities described herein, is over 18 years of age, and is otherwise *sui juris*.

7.      Plaintiff Silverman Partners, L.P. is a limited partnership organized and existing under the laws of Delaware with its principal place of business in New York. Each partner of Silverman Partners, L.P. is a citizen of New York. Silverman is the general partner of Silverman Partners, L.P.

8.      Defendant Arthur Falcone is an individual residing in Palm Beach County, Florida, is over 18 years of age, is otherwise *sui juris*, and is subject to the personal jurisdiction of this Court.

9.      Defendant Falcone Group, LLC is a limited liability company organized and existing under the laws of Florida with its principal place of business in Palm Beach County, Florida, and subject to the personal jurisdiction of this Court. The members of Falcone Group, LLC are each citizens of Florida. Falcone is the manager of Falcone Group, LLC.

10.     Defendant Falcon Commercial Development, LLC is a limited liability company organized and existing under the laws of Florida with its principal place of business in Palm Beach County, Florida, and is subject to the personal jurisdiction of this Court. Falcone, a citizen of Florida, is the sole member and manager of Falcon Commercial Development, LLC.

11.     Defendant Falcon Park West, LLC is a limited liability company organized and existing under the laws of Florida with its principal place of business in Palm Beach County,

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

Florida, and is subject to the personal jurisdiction of this Court. The members of Falcon Park West, LLC are each citizens of Florida. Falcone, a citizen of Florida, is the managing partner of Falcon Park West, LLC.

12.     Defendant Falcon Park West II, LLC is a limited liability company organized and existing under the laws of Florida with its principal place of business in Palm Beach County, Florida, and is subject to the personal jurisdiction of this Court. Falcone, a citizen of Florida, is the sole member and manager of Falcon Park West II, LLC.

13.     Defendant Miami First, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. Miami First, LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of Miami First, LLC are not citizens of New York. Miami Worldcenter Holdings LLC is the manager of Miami First, LLC.

14.     Defendant Miami Second, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. Miami Second, LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of Miami Second, LLC are not citizens of New York. Miami Worldcenter Holdings LLC is the manager of Miami Second, LLC.

15.     Defendant Miami Third, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. Miami Third, LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

The members of Miami Third, LLC are not citizens of New York. Miami Worldcenter Holdings LLC is the manager of Miami Third, LLC.

16.    Defendant Miami Worldcenter Holdings LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. Miami Worldcenter Holdings LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of Miami Worldcenter Holdings LLC are not citizens of New York.

17.    Defendant MR 44 MGR LLC is a limited liability company organized and existing under the laws of Florida with its principal place of business in Palm Beach County, Florida. Falcone is the sole member and manager of MR 44 MGR LLC.

18.    Defendant PWV Group 1 Holdings, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. PWV Group 1 Holdings, LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of PWV Group 1 Holdings, LLC are not citizens of New York. Park West Ventures, LLC is the managing member of PWV Group 1 Holdings, LLC.

19.    Defendant Park West Ventures, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. Park West Ventures, LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of Park West Ventures, LLC are not citizens of New York.

5

20.     Defendant PWV Member, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. PWV Member, LLC is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of PWV Member, LLC are Florida limited liability companies whose members are citizens of Florida.

21.     Defendant Miami A/I, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Palm Beach County, Florida. Miami A/I, LLC is subject to the jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of Miami A/I, LLC are not citizens of New York. Miami Worldcenter Holdings LLC is the Manager of Miami A/I, LLC.

22.     Defendant Centurion Partners PW Investors, LLC ("Centurion") is a limited liability company organized and existing under the laws of Delaware. Centurion is subject to the personal jurisdiction of this Court based upon its ownership of property and transacting of business, and otherwise engaging in conduct in Florida. The members of Centurion are not citizens of New York.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

## GENERAL ALLEGATIONS

### I.   Background

23.    In or around 2002, Marc Roberts, a Florida real estate investor and long-time friend of Silverman, contacted Silverman and proposed that they become partners in a variety of Florida joint venture projects.

24.    At that time, Roberts solicited money from Silverman and Silverman Partners, L.P. (collectively, "Plaintiffs") and represented to Plaintiffs that the money would be used solely for the purpose of purchasing and developing certain real property projects (the "Projects").

25.    As Roberts was well aware, Silverman provided, among other things, a strong financial position and creditworthiness to obtain unsecured lines of credit to finance the Projects with a number of different banks.

### II.   The Miami Worldcenter Project

26.    In or around 2004, Roberts met with real estate developer Falcone regarding a new potential real estate deal – an urban redevelopment project involving approximately 25 acres in downtown Miami, Florida. This project, named by Falcone and commonly known as Miami Worldcenter ("Miami Worldcenter Project" or "Miami Worldcenter"), entailed the acquisition and assemblage of real property parcels in the area of Miami generally located north of NW/NE 5th Street, south of NW/NE 12th Street, west of Biscayne Boulevard, and east of NW 1st Avenue (the "Assemblage"), with some portions of the Assemblage lying in part beyond these general boundaries. The Assemblage is located within walking distance of downtown attractions such as the Adrienne Arsht Center, Museum Park, American Airlines Arena, Bayside Marketplace, and Freedom Tower.

7

27.     The terms and intent of the Miami Worldcenter Project were for it to continue until all of the Assemblage, whether developed or undeveloped, was sold or otherwise disposed of. The real property acquisition costs alone were projected to exceed $300 million.

28.     As publicly described in expensive and extensively distributed promotional materials, the development plans for Miami Worldcenter did and continue to entail building a large scale, mixed-use development creating a blend of retail, restaurants, entertainment, hotel, residential, and commercial offerings.

29.     In furtherance of the Miami Worldcenter Project, Falcone, through his entity Falcon Park West, LLC, and Silverman, through Harcone 44B LLC, an entity in which he was a member, created Harcone 44, LLC. Pursuant to the terms of the Harcone 44B LLC Operating Agreement, Silverman Partners, L.P. owned and continues to own 48.625% shares of Harcone 44B LLC.

30.     Harcone 44, LLC was created for the purpose of acquiring and holding Miami Worldcenter properties.

31.     The beneficial and/or legal ownership of the Miami Worldcenter Project was to be held 50 percent by Silverman and Roberts together and 50 percent by Falcone through the Primary Falcone Entities.

32.     For liability and other business purposes, Falcone and Roberts formed a separate LLC for each property that was acquired for the Miami Worldcenter Project (collectively, the "Miami Worldcenter Project LLCs").

33.     Roberts formed a sister LLC to correspond with each of the various Miami Worldcenter Project LLCs to hold the Roberts-Silverman shares. The Roberts-Silverman entities were often named after the property and followed by "44B."

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

34.     Among the Miami Worldcenter Project LLCs were the following entities formed for the specific purpose of purchasing "bundles" of properties in the area of Miami, Florida known as Park West: Park West 3, Park West 5, 915 N Miami LLC, Miami Auction Prop LLC, 701 N Miami LLC, 46 NE 10th LLC, 13 Parcels LLC, 700 NE 1st LLC, 44 NW 11th LLC, 950 NE 2nd LLC, 100 NE 11th LLC, Miami 941 Property LLC, 701 NE 1st LLC, and 717 NE 1st LLC.

35.     Each of the Miami Worldcenter Project LLCs purchased real property utilizing first mortgage financing from either Orion Bank, Fifth Third Bank, Bank of Florida Southeast, or Adolph Commercial Bank.

36.     Upon information and belief, until the occurrence of the events described herein, Plaintiffs contributed $40 million in capital, which was equal to the Defendants' contribution, to the Miami Worldcenter Project LLC.

37.     Plaintiffs contributed either direct personal lines of credit or capital contributions towards the purchase and ultimate acquisition of the following properties owned by the Miami Worldcenter Project LLCs: 933-937 N. Miami Ave 933-937 N. Miami Ave, 90 NE 11th Street, 915 N Miami Ave, 26 NE 7th Street, 601 N Miami Ave, 25 NE 6th Street, 42 NE 8th Street, 28 NE 8th Street, 26 NE 8th Street, 725 N Miami Ave, 721 N Miami Ave, 719 N Miami Ave, 711 N Miami Ave, 701 N Miami Ave,  15 NE 7th Street, 46 NE 10th Street, 942 NE 1st Ave, 80 NE 10th Street, 938 NE 1st Ave, 70 NE 10th Street, 36 NE 10th Street, 20 NE 10th Street, 925-31 N Miami Ave, 909 N Miami Ave, 21 NE 9th Street, 19 NE 9th Street, 75 NE 9th Street, 930 NE 1st Ave, 906 NE 1st Ave, 700 NE 1st Ave, 44 NW 11th Street, 950 NE 2nd Ave, 100 NE 11th Street, 122 NE 11th Street, 132 NE 11th Street, 941-947 N. Miami Ave, 701 NE 1st Ave, and 717-719 NE 1st Ave.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

38.     On March 2, 2010, Roberts filed a Chapter 7 bankruptcy petition, rendering him voluntarily bankrupt. As a result, Roberts forfeited his status as a member and/or beneficial owner of the entities that he formed with Falcone and Silverman for the property acquisitions.

39.     Between 2004 and 2009, Silverman and Falcone each invested approximately $40 million in the Miami Worldcenter joint real estate venture.

40.     Other LLCs were formed to take title to Falcone's and Silverman's shares of the various Miami Worldcenter Project LLCs. These entities include, but are not limited to, MR 44 MGR LLC, Miami Ingraham Properties 44 LLC, Miami Worldcenter Group LLC, Harcone 44, LLC, Harcone Acquisitions LLC, Harcone Acquisitions II LLC, and Harcone Holdings, LLC.

41.     MR 44 MGR LLC was 100% owned and member-managed by Roberts until his membership interest was transferred to Falcone. At the time Plaintiffs' claims arose, Falcone was the sole manager of MR 44 MGR LLC.

42.     Miami Worldcenter Group LLC was 100% owned and member-managed by Harcone 44, LLC.

43.     Harcone Acquisitions LLC was 100% owned and member-managed by Harcone 44, LLC.

44.     Harcone Acquisitions II LLC was 100% owned and member-managed by Harcone Acquisitions LLC.

45.     Harcone Holdings, LLC was owned at least 25% by Silverman Partners, L.P. through member entity Harcone 44B LLC, and 50% by Falcone through member entity Falcon Park West, LLC.

46.     Plaintiffs have been instrumental in funding the acquisition of real property to create and complete the Assemblage.

10

47.     Plaintiffs contributed approximately $40 million for the purpose of acquiring properties in the furtherance of the Miami Worldcenter Project in reliance on Falcone's representations that he was an experienced developer and project manager, and that he was a trustworthy partner.

48.     Defendants used Plaintiffs approximately $40 million to their benefit to effectuate a real estate and financial scheme which included, among other things, (i) renegotiation of the African-Israel deal to the detriment of Plaintiffs, (ii) bringing Centurion in to assist in the further dilution of the Plaintiffs' interests, and (iii) a series of strategic defaults on and renegotiations of loans related to key Assemblage properties, including mortgage notes held by Fifth Third Bank and Iberia Bank, which unjustly enriched the Defendants by depriving Plaintiffs of all or part of their ownership interests in the Miami Worldcenter Project.

**A.     <u>Renegotiation of the Africa-Israel Deal to the Detriment of Plaintiffs</u>**

49.     Within the Assemblage, Falcone decided that it was critical to the success of the Miami Worldcenter Project to acquire approximately 20 parcels of real property known as the "Africa Israel" properties (the "A/I Properties"), the largest bundle within the Miami Worldcenter Project.

50.     On May 9, 2006, 150 NE 7th LLC entered into a Purchase and Sale Agreement to purchase the A/I Properties for $88,711,288.00 (the "Initial A/I Agreement").

51.     150 NE 7th LLC was owned 100% by Harcone 44, LLC, which was owned 25% by Silverman Partners, L.P. through member Harcone 44B LLC, and 50% by Falcone through member Falcon Park West, LLC.

52.     Pursuant to the Initial A/I Agreement, 150 NE 7th LLC agreed to purchase the A/I Properties and to place certain deposits with the sellers.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

53.     $14 million of Plaintiffs' money was used towards the earnest money deposit on the Initial A/I Agreement.

54.     Subsequently, a dispute arose under the Initial A/I Agreement in which the sellers retained the deposit due to an alleged default by the purchasers.

55.     As a result, on January 30, 2009, 150 NE 7th LLC filed a lawsuit styled *150 NE 7th LLC v. Arena Garage, LLC, et al.*, Case No.: 09-07467 CA 02, against the sellers of the A/I Properties in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

56.     On or around July 8, 2009, Falcone informed Silverman that the deposits on the A/I Properties had been lost and asked Silverman to invest more capital, though Silverman had no such obligation.

57.     Pursuant to the terms of the 150 NE 7th LLC Operating Agreement, "no member [was] required to contribute additional capital," nor could company property be partitioned.

58.     Approximately one week later, Falcone informed Silverman in a letter dated July 14, 2009 that (i) the A/I Properties were being discounted to $39 million with the buyer receiving an $18 million credit towards the purchase price, (ii) new investors had been obtained, (iii) whatever interest to be retained by Falcone-Silverman would be pari-passu, and (iv) 150 NE 7th LLC would have the right to invest up to $2 million for a period of one year.

59.     150 NE 7th LLC and the sellers of the A/I Properties negotiated a deal to resurrect the sales transaction with regard to the A/I Properties and credit 150 NE 7th LLC's deposits against the final sale price, which was less than half the original sale price.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

60.     Falcone asserted his control over 150 NE 7th LLC and engaged in a scheme to further deny Plaintiffs of their interests by ensuring that 150 NE 7th LLC, in which Plaintiffs had a 25% ownership interest, did not take title to the real property.

61.     To further effectuate that scheme, Falcone orchestrated an assignment of 150 NE 7th LLC's rights to purchase the A/I Properties to PWV Group 1 Holdings, LLC, another Falcone-related entity.

62.     PWV Group 1 Holdings, LLC subsequently purchased the A/I Properties for approximately $39 million, a purchase price approximately $50 million less than the original price (the "A/I Purchase").

63.     Falcone has an interest in PWV Group 1 Holdings, LLC, through his interest in PWV Member, LLC, which is a member of Park West Ventures, LLC, which is a member of PWV Group 1 Holdings, LLC.

64.     Pursuant to the terms of the PWV Member, LLC Operating Agreement, PWV Member, LLC was formed for the purpose of becoming a member of Park West Ventures, LLC and to negotiate and execute the purchase of the A/I Properties.

65.     Silverman Partners, L.P., as co-owner of Harcone 44B LLC, holds an economic interest in at least 2% of the profits, losses, and cash allocated or distributed to PWV Member, LLC, a significant unconsented reduction in Plaintiffs' ownership.

66.     To date, Plaintiffs have not received any profits or cash distributions from PWV Member, LLC.

67.     Despite multiple attempts between September and December 2009 by Plaintiffs' representatives to obtain draft documents for review and consideration regarding the A/I Purchase, negotiations of the terms were made without Plaintiffs' knowledge or consent.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

68.     The money contributed by Plaintiffs for the deposit under the Initial A/I Agreement was applied to and/or was consideration for the A/I Purchase.

69.     In a December 16, 2009 letter to Silverman, Falcone summarized the terms of the A/I Purchase, which resulted in a substantial dilution of pre-closing Roberts-Silverman ownership by the new equity investment and by the "promote" included for Falcone.

70.     Falcone intentionally withheld information in an effort to defraud and devalue and/or dissolve Plaintiffs' return on investment and interest in the Africa Israel transaction.

71.     On September 29, 2011, PWV Group 1 Holdings, LLC fraudulently conveyed the properties for a purchase price of $21 million by special warranty deed to Miami A/I, LLC. Falcone has an interest in Miami A/I, LLC.

72.     Miami A/I, LLC currently owns 27 parcels that are part of the Miami Worldcenter Project.

**B.      Bringing Centurion in to Assist in the Further Dilution of Plaintiffs' Interests**

73.     On November 12, 2008, MWC Ventures, LLC was formed and a limited liability agreement was executed by and between Harcone Holdings, LLC and Centurion for the continued "development, improvement, sales, maintenance, operation, management, and rental of the real property" that comprises the Miami Worldcenter Project.

74.     Under the MWC Ventures, LLC Operating Agreement, Centurion contributed $3 million of capital contributions in return for 13.98% interest in the company.

75.     Without Plaintiffs' knowledge or consent, Falcone contributed 100% of Harcone Holdings, LLC's membership interests in Harcone 44, LLC, valued at $18,452,801, for an 86.02% interest in the company. The purpose of bringing in Centurion and divesting Harcone

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

Holdings, LLC of its interest in Harcone 44, LLC was to save the value of Falcone's interest in the properties through the cash infusion by Centurion, all to the detriment of Plaintiffs.

76.     Without compensating Plaintiffs, Falcone conspired with Centurion and others to dilute and devalue Plaintiffs' interests in Harcone 44, LLC by transferring Harcone 44, LLC's membership interest and selling approximately 14% of equity interest in the Miami Worldcenter Project to Centurion at a steep discount.

77.     Falcone intentionally undervalued the properties included in the valuation of initial capital contributions with the intent to dilute and devalue Plaintiffs' ownership interests.

78.     Centurion conspired with Falcone to dilute and devalue Plaintiffs' interests under the MWC Ventures, LLC Operating Agreement.

79.     MWC Ventures, LLC was cancelled in 2011.

80.     In the end, Falcone and Centurion benefited from the fraudulent transfer of properties that Plaintiffs co-owned or in which Plaintiffs had an ownership interest through the 44B entities and retained and increased their ownership in the A/I Properties to Plaintiffs' detriment.

**C.**     **Defaults on Loans Related to Key Assemblage Properties Were Detrimental to Plaintiffs**

81.     In further devaluing and diluting Plaintiffs' interest in the Miami Worldcenter Project, Falcone permitted lending banks to foreclose on properties in which Plaintiffs had an ownership interest.

**1.**     **Fifth Third Bank Foreclosures**

82.     On or about July 28, 2010, Fifth Third Bank ("Fifth Third") commenced a mortgage foreclosure lawsuit against the following entities, which at that time were managed and controlled by Falcone: Park West 3, LLC, Park West 5, LLC, Miami Auction Prop LLC, 950 NE

15

2nd LLC, 915 N Miami LLC, 701 N Miami LLC, and 100 NE 11th LLC (the "Fifth Third Foreclosure").

83.     On or about October 20, 2010, Default Final Judgment of Foreclosure (Case No. 10-41120 CA 32) was entered in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the Fifth Third Foreclosure for the amount of $41,910,831.84 due and owing to Fifth Third (the "Fifth Third Judgment").

84.     Pursuant to the Fifth Third Judgment, a public foreclosure sale was scheduled for November 24, 2010 (the "Fifth Third Foreclosure Sale").

85.     Walnut and Vine Properties I, LLC, an affiliate of Fifth Third, purchased the properties at the Fifth Third Foreclosure Sale.

86.     On or about February 28, 2011, Miami First, LLC purchased 28 parcels of land, including those properties that were temporarily acquired by Walnut & Vine Properties I, LLC, at the Fifth Third Foreclosure Sale, for a total purchase price of $23,739,100.00.

87.     On December 16, 2010, Miami Auction Prop LLC conveyed by quitclaim deed 26 NE 7th Street, 601 N. Miami Avenue, and 25 NE 6th Street to Walnut and Vine Properties I, LLC. This was a voluntary conveyance, unilaterally orchestrated and authorized by Falcone and part of a negotiation with Fifth Third to circumvent the Fifth Third Foreclosure.

88.     Miami First, LLC, a Falcone-related entity, purchased 26 NE 7th Street, 601 N. Miami Avenue, and 25 NE 6th Street back from Walnut and Vine Properties I, LLC below fair market value.

### 2.     Iberia Bank Foreclosures

89.     On or about September 9, 2009, Orion Bank commenced a mortgage foreclosure lawsuit against the following entities, which at that time were managed and controlled by

Falcone: 46 NE 10th LLC, 13 Parcels LLC, 700 NE 1st LLC, and 44 NW 11th LLC (the "Orion Foreclosure").

90.     On or about November 13, 2009, the Federal Deposit Insurance Corporation seized Orion Bank and sold its assets to Iberia Bank, which assumed the Orion Foreclosure and became the substituted plaintiff.

91.     On or about December 1, 2011, Final Default Judgments of Foreclosure were entered in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the Orion Foreclosure for the following amounts due and owing to Iberia Bank (the "Iberia Judgments"):

    a.  $3,428,909.00 against 46 NE 10th LLC;

    b.  $21,774,261.16 against 13 Parcels LLC;

    c.  $3,187,153.74 against 700 NE 1st LLC; and

    d.  $2,676,267.18 against 44 NW 11th LLC.

92.     Pursuant to the Iberia Judgments, a public foreclosure sale was scheduled for January 12, 2013 (the "Iberia Foreclosure Sale").

93.     OB Florida CRE Holdings, LLC, a wholly owned affiliate of Iberia Bank, purchased the real property at the Iberia Foreclosure Sale.

94.     On or about March 12, 2012, Miami Third, LLC purchased the bundle of 17 parcels acquired by OB Florida CRE Holdings, LLC in a privately negotiated transaction for $8,737,500.00. This transaction was agreed upon prior to the Iberia Foreclosure Sale.

95.     On May 7, 2013, Miami Third, LLC transferred title of 46 NE 10th Street by special warranty deed to Miami First, LLC.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

96.     Also on May 7, 2013, Miami Third, LLC sold 44 NW 11th Street to A & L Trust Associates, LLC for $1.5 million. That same day, A & L Trust Associates, LLC conveyed the property to Miami NE 11th LLC, a Florida entity then managed by Roberts.

97.     The series of transfers following the Fifth Third Foreclosure Sale and the Iberia Foreclosure Sale was a shell game that amounted to a malicious and fraudulent scheme by Falcone to purchase back the same properties formerly owned by entities in which Plaintiffs held approximately a 25% interest, that owned and/or managed various properties that comprise of the Miami Worldcenter Project, under the guise of a different Falcone-controlled entity at a significantly lower purchase price, and to the exclusion of Plaintiffs.

**D.     Fraudulent Transfers**

98.     On March 11, 2011, 701 NE 1st LLC conveyed 701 NE 1st Avenue to Miami Second, LLC for a purchase price of $622,300, approximately $2.5 million less than the original purchase price.

99.     On March 11, 2011, Miami 941 Property LLC sold 941-947 N. Miami Avenue to Miami Second, LLC for a purchase price of $311,000, approximately $1.5 million less than the original purchase price.

100.    Falcone has a direct, beneficial, and/or financial interest in Miami Second, LLC.

101.    Around October 2013, an equity interest in the Miami Worldcenter Project was sold to CIM Group, a national real estate investment firm, further diluting and devaluing Plaintiffs' interest.

102.    As a direct consequence of their respective actions, Falcone and the Primary and Secondary Falcone Entities have deprived Plaintiffs of their equity interests in the various entities and thereby the Miami Worldcenter Project, to which Plaintiffs are entitled.

18

103.     Plaintiffs have retained the law firm of Black, Srebnick, Kornspan & Stumpf, P.A. to represent them in this action and are obligated to pay said firm attorneys' fees and costs in exchange for their services.

104.     All conditions precedent to the maintenance of this action have occurred, been performed, or have otherwise been waived, excused, or satisfied.

### COUNT I – UNJUST ENRICHMENT

105.     Plaintiffs reallege paragraphs 1 through 104 as if fully set forth herein.

106.     Plaintiffs conferred a benefit upon Defendants through funding property acquisitions from 2004 through 2010 in the amount of approximately $40 million actually used to purchase properties and to develop the Miami Worldcenter Project.

107.     Defendants accepted and retained the benefits conferred by Plaintiffs when they used Plaintiffs' funds to purchase the Miami Worldcenter Properties before engaging in a series of wrongful acts – including, among other things, fraudulent conveyances and strategic defaults – for the purpose of diluting or extinguishing Plaintiffs' interest in the Miami Worldcenter Properties.

108.     Defendants own, control, and/or retain financial rights and benefits associated with the Miami Worldcenter Properties, all of which were acquired using substantial assets and credit contributed by Plaintiffs.

109.     As a direct and proximate result of the acts alleged herein, Defendants wrongfully deprived Plaintiffs of substantial wealth and have been unjustly enriched at Plaintiffs' expense.

110.     As a direct and proximate result of the acts alleged herein, Defendants intentionally diluted Plaintiffs' interests and wrongfully deprived Plaintiffs of substantial wealth and have been unjustly enriched at Plaintiffs' expense.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

111.   Based on the foregoing, it would be inequitable for Defendants to retain the ownership, control, and/or financial benefit associated with the subject properties without paying to Plaintiffs the value Plaintiffs contributed.

112.   Plaintiffs have no adequate remedy available at law.

**WHEREFORE**, Plaintiffs demand that the Court enter judgment against Defendants and award to Plaintiffs restitution from each of the Defendants and order disgorgement of all profits, benefits, and/or other compensation obtained by Defendants as a result of the acts and transactions complained of herein, the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II – AVOIDANCE OF FRAUDULENT CONVEYANCE
### (Against Falcone and Miami Second, LLC)

113.   Plaintiffs reallege paragraphs 1 through 104 as if fully set forth herein.

114.   This is an action pursuant to Section 726.105(1)(a), Florida Statutes, against Falcone and Miami Second, LLC.

115.   Plaintiffs are creditors of Falcone and/or Miami Second, LLC because Plaintiffs contributed substantial capital investment to 701 NE 1st LLC and Miami 941 Property LLC for the purchase of 701 NE 1st Avenue and 941-947 N. Miami Avenue, respectively, which has not and will not be returned to them in accordance with their rights as an equity member of 701 NE 1st LLC and Miami 941 Property LLC.

116.   As set forth above, 701 NE 1st LLC conveyed (excluding Plaintiffs) 701 NE 1st Avenue to Miami Second, LLC for a purchase price of $622,300, approximately $2.5 million less than the original purchase price.

20

117. As set forth above, Miami 941 Property LLC sold 941-947 N. Miami Avenue to Miami Second, LLC for a purchase price of $311,000, approximately $1.5 million less than the original purchase price.

118. The acquisitions of 701 NE 1st Avenue and 941-947 N. Miami Avenue by Miami Second, LLC had a direct effect on Plaintiffs in that it deprived them of substantial value in land and the development thereof that they rightfully owned and are/were entitled.

119. Miami Second, LLC acquired 701 NE 1st Avenue and 941-947 N. Miami Avenue with the actual intent to hinder, delay, or defraud Plaintiffs of their rights.

120. Evidence of this fraudulent intent includes, but is not limited to, the following:

    a.    Falcone, in his managerial capacity, was in control of 701 NE 1st LLC and Miami 941 Property LLC when the transfers were made;

    b.    The transfers of 701 NE 1st Avenue and 941-947 N. Miami Avenue were to insiders;

    c.    The transfers were to and/or for the benefit of a Falcone-related entity and excluded Plaintiffs;

    d.    The transfers were concealed from Plaintiffs;

    e.    701 NE 1st LLC and Miami 941 Property LLC were insolvent at the time of the transfers or became insolvent shortly after the transfers were made;

    f.    Falcone, through Miami Second, LLC, retained possession or control of 701 NE 1st Avenue and 941-947 N. Miami Avenue after the transfers were made and excluded Plaintiffs;

    g.    The transfers were of substantially all of the assets of 701 NE 1st LLC and Miami 941 Property LLC, rendering the entities assetless and of no value.

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

121.    As the transferee, Miami Second, LLC did not obtain 701 NE 1st Avenue and 941-947 N. Miami Avenue in good faith, and did not provide reasonably equivalent value to 701 NE 1st LLC and Miami 941 Property LLC, respectively, for its rights to the properties.

122.    Plaintiffs have suffered, and continue to suffer, damages as a direct and proximate result of these fraudulent transfers.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Falcone and Miami Second, LLC and declare that one or both Plaintiffs has an equity interest, in an amount to be determined by this Court, in Miami Second, LLC and/or successor entities and/or assignees to make Plaintiffs whole or, alternatively, award damages against these Defendants, award Plaintiffs attorneys' fees and costs pursuant to Section 726.108(1)(c)(3), Florida Statutes, and pre-judgment and post-judgment interest, and order such other and further relief as it deems just and proper.

### COUNT III – ACCOUNTING OF LLC DEFENDANTS' TRANSACTIONS UNDERTAKEN BY FALCONE

123.    Plaintiffs reallege paragraphs 1 through 104 as if fully set forth herein.

124.    Plaintiffs and Falcone had a business relationship in which Plaintiffs were entitled to at least 25% ownership interest in the Miami Worldcenter Project LLCs and the Miami Worldcenter Project.

125.    As a result of the aforesaid conduct of Falcone and the LLC Defendants in a scheme of extremely complex real estate transactions, as alleged herein, Plaintiffs have been deprived of approximately $40 million of capital contributions and gains from return on investment which Defendants have benefitted from and unjustly retained.

126.    Because the true books and records concerning these transactions have been and are in the exclusive control of Falcone and the LLC Defendants, Plaintiffs are requesting an

22

accounting in order to determine the true amounts owed to them, including, but not limited to, return on investments diverted by Falcone.

127.    As a result of the fraudulent conduct that has unjustly enriched the Defendants and deprived Plaintiffs of their interest in the Miami Worldcenter Project, Plaintiffs are entitled to an accounting of all money and property received by or entrusted to the entities controlled by Falcone, including the LLC Defendants, but wrongfully diverted from Plaintiffs as alleged herein.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs demand a trial by jury on all claims so triable.

Dated: November 28, 2014

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

Respectfully submitted,

Black, Srebnick, Kornspan & Stumpf, P.A.
201 S. Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Tel:     (305) 371-6421
Fax:     (305) 371-6322

By: /s/ Jared Lopez
       Howard M. Srebnick, Esq.
       Florida Bar No. 919063
       hsrebnick@royblack.com
       Jared Lopez, Esq.
       Florida Bar No. 103616
       jlopez@royblack.com
       civilpleadings@royblack.com

and

Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, New York 12260
Tel:     518-487-7600
Fax:     518-487-7777

By: /s/ Leslie M. Apple
       Leslie M. Apple, Esq.
       *pro hac vice*
       Genevieve M. Trigg, Esq.
       *pro hac vice*

*Counsel for Plaintiffs*

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 14-CV-80407-SCOLA/VALLE

HARVEY SILVERMAN and
SILVERMAN PARTNERS, L.P.,

       Plaintiffs,

vs.

ARTHUR FALCONE, et al.,

       Defendants.

_____/

**CERTIFICATE OF SERVICE**

       I CERTIFY that on November 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                        By: /s/ Jared Lopez_____
                             Jared Lopez

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com

**SERVICE LIST**
*Harvey Silverman, et al. v. Arthur Falcone, et al.*
**Case No.: 14-cv-80407-SCOLA/VALLE**
**United States District Court, Southern District of Florida**

Eugene E. Stearns, Esq.
Mark P. Dikeman, Esq.
Veronica L. DeZayas, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
*Counsel for Falcone Defendants*[1]
*(via email)*

Jay H. Solowsky, Esq.
Solowsky & Allen, P.L.
915 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
*Counsel for Centurion Partners*
*PW Investors, LLC*
*(via email)*

Richard A. Morgan, Esq.
JenniFer Olmedo-Rodriguez, Esq.
Buchanan Ingersoll & Rooney, PC
100 S.E. Second Street, Suite 3500
Miami, Florida 33131
*Counsel for Miami Defendants*[2]
*(via email)*

---

[1] Arthur Falcone, Falcone Group, LLC, Falcon Commercial Development, LLC, Falcon Park West, LLC, Falcon Park West II, LLC, Miami Worldcenter Holdings, LLC, MR 44 MGR, LLC, PWV Group 1 Holdings, LLC, Park West Ventures, LLC, and PWV Member, LLC are collectively referred to as the "Falcone Defendants."

[2] Miami First, LLC, Miami Second, LLC, Miami Third, LLC, and Miami A/I, LLC are collectively referred to as the "Miami Defendants."

Black, Srebnick, Kornspan & Stumpf
201 S. Biscayne Boulevard, Suite 1300 • Miami, Florida 33131 • Phone 305-371-6421 • Fax 305-371-6322 • www.RoyBlack.com