UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 14-CV-80407-SCOLA/VALLE

HARVEY SILVERMAN and SILVERMAN
PARTNERS, L.P.,

    Plaintiffs,

vs.

ARTHUR FALCONE, et al.,

    Defendants.
_____/

**FALCONE DEFENDANTS' MOTION TO DISMISS COUNTS I AND III
OF THE SECOND AMENDED COMPLAINT**

Defendants, Arthur Falcone, Falcone Group, LLC, Falcon Commercial Development, LLC, Falcon Park West, LLC, Falcon Park West II, LLC, Miami Worldcenter Holdings, LLC, MR 44 MGR, LLC, PWV Group 1 Holdings, LLC, Park West Ventures, LLC, PWV Member, LLC (collectively, the "Falcone Defendants"), pursuant to Article III of the United States Constitution, and Federal Rule of Civil Procedure 12(b)(6), move the Court to dismiss Counts I and III of the Second Amended Complaint with prejudice because, notwithstanding their amended pleading, (a) the nominal Plaintiffs still lack standing to prosecute their claims, and (b) these Counts still fail to state a claim for which relief can be granted. In support of this motion, the Falcone Defendants respectfully submit as follows:

**INTRODUCTION**

In dismissing seven of the ten Counts of Plaintiffs' Amended Complaint, this Court has already ruled that that as mere members of a member of Harcone 44 LLC,

Plaintiffs lack Article III standing under §608.462 to assert claims that belong to that entity.  At the same time, the Court dismissed Count IX (unjust enrichment), and Count X (accounting) for failure to state a claim with leave to amend, and Plaintiffs have now filed their Second Amended Complaint advancing Count I for unjust enrichment and Count III for an accounting.  [ECF No. 51].

But as we will demonstrate below, Plaintiffs also lack standing to prosecute these two Counts for the very same reason they lacked standing to pursue the other seven. In particular, because Plaintiffs' own allegations establish their actions in connection with the Miami Worldcenter were undertaken in their capacities as members of LLC entities, Plaintiffs cannot escape the conclusion that, irrespective of the particular cause of action advanced, they remain precluded by Florida Statute §608.462 from asserting the claims in issue that belong to the LLCs.

Moreover, even if Plaintiffs somehow had standing to advance these claims, the factual allegations of the Second Amended Complaint completely fail to satisfy the legal elements required by Florida law to state causes of action for unjust enrichment or an accounting.

**STANDING AND PLEADING REQUIREMENTS**

We will not repeat here the applicable pleading requirements otherwise set forth in the Court's Order of Dismissal, but two points warrant emphasis.  First, because Plaintiffs' standing remains contested, a heightened inquiry is required to ascertain whether Plaintiffs' claims are sufficient to satisfy the requirements of Article III.  *See* Order of Dismissal at 3 – 4 ("The 'standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an

adjudication of the particular claims asserted,'" quoting *Hollywood Mobile Est. Ltd. v. Seminole Tribe of Florida,* 641 F.3d 1259, 1265 (11th Cir. 2011)). [ECF No. 51].

Second, to meet the pleading requirements of Rule 12(b)(6), mere legal conclusions or a bare recitation of the legal elements of a claim are insufficient. Instead, the plaintiff must allege facts sufficient to "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

In support of Counts I and III of the Second Amended Complaint ("SAC"),[1] Plaintiffs present the following allegations of fact:

- Silverman L.P. is a minority member of Harcone 44B LLC, which in turn is a member of Harcone 44 LLC [SAC ¶ 29], an LLC that was formed to acquire properties for the Miami Worldcenter project [SAC ¶ 30];

- "for liability and other business purposes" other LLCs (the "MWC Project LLCs") were formed to purchase individual properties for the Miami Worldcenter project and Silverman's interest would be held in associated 44B LLCs (the "44B LLCs") [SAC ¶¶ 33 – 35];[2]

---

[1] Count II of the Second Amended Complaint for fraudulent transfer, which the Court has found states a cause of action based on facts Plaintiffs alleged, is addressed separately in our Motion for Summary Judgment on Count II.

[2] The allegations of paragraphs 34 – 37 of the Second Amended Complaint are new.

- Between 2004 and 2009, Silverman contributed $40 million in capital towards the MWC Project LLCs' purchase of 38 properties that were also financed with bank loans [SAC ¶¶ 35 – 37, 39];

- Harcone 44 LLC was the sole owner of 150 NE 7th LLC, an entity that in 2006 contracted to purchase the "A/I Property" [SAC ¶¶ 50 – 51]. Silverman contributed $14 million towards the purchase deposit [SAC ¶ 53];

- In 2009, Falcone caused 150 NE 7th LLC to assign its contract to purchase the A/I Property to PWV Group I Holdings, LLC ("PWV"), another entity affiliated with Falcone, and PWV closed on the sale [SAC ¶¶ 61-62, 67]. The assignment and sale diluted Silverman's interest in the transaction [SAC ¶¶ 69 – 70];

- In 2011, PWV sold the A/I property to Miami A/I LLC for $21 million [SAC ¶ 71];

- In 2009, a new investor, Centurion contributed $3 million for a 14% equity interest in the Miami Worldcenter which resulted in the dilution and devaluation of Silverman's interest [SAC ¶¶ 74 – 77];

- Beginning in 2009, Fifth Third Bank initiated foreclosure actions on certain of the MWC Project LLCs and subsequently purchased the properties at the ensuing foreclosure sale. [SAC ¶¶ 82 – 85]. Certain other mortgaged properties were quit-claimed directly back to the Bank. [SAC ¶ 87]. Miami First LLC subsequently purchased the properties back from the Bank [SAC ¶¶ 86, 88]; and,

- In 2009, Orion Bank (later succeeded in interest by Iberia Bank), initiated foreclosure actions against certain other of the MWC Project LLCs, and in 2012, Iberia Bank acquired the properties at the foreclosure sales. [SAC ¶¶ 89 -- 93]. Later that year, Miami Third LLC, purchased the properties back from the Bank. [SAC ¶ 94].

Based on these allegations of fact, Plaintiffs assert an unjust enrichment claim in Count I of the Second Amended Complaint and further allege:

- "Plaintiffs conferred a benefit upon Defendants through funding property acquisitions from 2004 to 2010 [sic][3] in the amount of approximately $40 million actually used to purchase properties" [SAC ¶106];

- "Defendants accepted and retained the benefits conferred by Plaintiffs *when they used Plaintiffs' funds to purchase the Miami Worldcenter Properties before* engaging in a series of wrongful acts – including, among other things, fraudulent conveyances and strategic defaults – for the purpose of diluting or extinguishing Plaintiffs' interest in the Miami Worldcenter Properties." [SAC ¶ 107 (emphasis added)]; and

- "Defendants wrongfully deprived Plaintiffs of substantial wealth and have been unjustly enriched at Plaintiffs' expense" [SAC ¶ 109], "it would be inequitable for Defendants to retain the . . . benefit . . . without paying to

---

[3] As discussed in footnote 6, *infra*, Defendants submit that the referenced 2010 date is a typo and the correct year is 2009 as alleged in paragraph 39 of the Second Amended Complaint.

Plaintiffs the value Plaintiffs contributed" [SAC ¶ 111], and "Plaintiffs have no adequate remedy available at law." [SAC ¶ 112].

In Count III Plaintiffs demand an accounting alleging that they have been deprived of their $40 million investment in complex real estate transactions, the related books and records are in Falcone's control, and they need an accounting "to determine the true amounts owed to them." [SAC ¶¶ 125-126].

**ARGUMENT**

### 1. Plaintiffs Do Not Have Article III Standing to Assert the Claims Alleged

According to the allegations of the Second Amended Complaint, Silverman L.P. was a member of Harcone 44B, which was a member of Harcone 44. [SAC ¶¶ 29 – 30]. As Defendants understand Plaintiffs' further allegations, Silverman was also a member of the other Roberts-Silverman 44B LLCs, which were in turn members of the MWC Project LLCs that acquired properties for the Miami Worldcenter assemblage. [SAC ¶¶ 32-33, 37]. As a member of the 44B LLCs, Plaintiffs allege that they contributed $40 million in capital "towards [the MWC Project LLCs'] purchase and ultimate acquisition" of 38 properties. [SAC ¶¶ 32-33, 36-37].[4]

Plaintiffs allege that *after* the MWC Project LLCs made those acquisitions, Plaintiffs' $40 million investment in the MWC Project LLCs was diluted or lost due to the alleged wrongful conduct of the various Defendants, and consequently, Plaintiffs have

---

[4] Defendants believe that we have both fairly and accurately re-stated Plaintiffs' allegations regarding their legal relationships to the 44B LLCs, and the MWC Project LLCs. To the extent, however, that there is any vagueness in Plaintiffs' description of their legal interests in issue, Plaintiffs have failed to meet their burden of pleading facts sufficient to affirmatively demonstrate standing.

-6-

been deprived of "substantial wealth." [*See* SAC ¶ 36 ("until the occurrence of the events described herein Plaintiffs contributed $40 million in capital . . . to the Miami World Center Project LLC" (sic)); SAC ¶ 107 ("Defendants . . . used Plaintiffs' funds to purchase the Miami Worldcenter Properties *before* engaging in a series of wrongful acts . . ." (emphasis added))].

Based on these allegations, the only party that suffered direct harm is not Plaintiffs, but the MWC Project LLCs which initially acquired but then lost ownership of the 38 properties due to Defendants' alleged "series of [subsequent] wrongful acts – including, among other things, fraudulent conveyances and strategic defaults." [SAC ¶ 107].  And because Plaintiffs are mere members of a member of the allegedly harmed LLCs, the only party with standing under Fla. Stat. §608.462 to sue for the alleged loss incurred are the MWC Project LLC entities.  This same analysis applies equally with respect to the alleged loss of 150 NE 7th LLC's contract right to purchase the Miami A/I property.  Indeed, this Court has already made this very determination in the Order of Dismissal with respect to the other Counts of Plaintiffs' Amended Complaint. *See* Order of Dismissal at 4 – 8 [ECF No. 51].

In addition, because equity follows the law and courts of equity have no power to disregard legislative enactments, *Orr v. Trask,* 464 So. 2d 131, 135 (Fla. 1985), the fact that Plaintiffs have framed their unjust enrichment Count as a claim in equity provides no legal basis to escape the clear-cut dictates of Florida's Limited Liability Company Act.  To rule otherwise and allow an unjust enrichment claim to proceed under these circumstances would open the floodgates to shareholder or member sponsored litigation in complete disregard of the extensive body of corporate law governing

derivative claims that defines the narrow circumstances under which a corporate shareholder or LLC member may bring an individual claim for damages suffered in the first instance by the corporation or LLC entity.  *See* Order of Dismissal at 7 – 8 [ECF No. 51].

Thus, just as the Court has already ruled with respect to seven of the original ten counts of the Amended Complaint, Plaintiffs also lack Article III standing to prosecute their re-plead unjust enrichment and accounting Counts of the Second Amended Complaint.

### 2. Plaintiffs' Allegations of Fact Also Fail to Adequately Plead the Required Elements of an Unjust Enrichment Claim

The elements of an unjust enrichment claim under Florida law are well established.[5]  A plaintiff must plead that: (1) the plaintiff has conferred a direct benefit on the defendant; (2) the defendant voluntarily accepted and retained the benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain the benefit without paying the value thereof.  *E.g. Virgilio v. Ryland Group Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012)*.*  Plaintiffs' complaint fails to allege sufficient facts to establish any of these elements as required by *Iqbal and Twombly* to survive a motion to dismiss.

---

[5] As exemplified by literally dozens of recently reported decisions of the Florida district courts addressing claims for unjust enrichment, this cause of action has become the "go-to" claim for those plaintiffs who cannot otherwise state legal claims based upon their contractual, statutory or common law rights.  As demonstrated by the cases cited in this motion and numerous others, the district courts have not hesitated to dismiss deficient unjust enrichment claims at the pleadings stage.

### A. Plaintiffs Did Not Confer a Direct Benefit

The decisions of Florida's state courts have consistently required that the plaintiff allege that it conferred a *direct* benefit on the defendant.  *E.g., Extraordinary Title Serv. LLC v. Florida Power & Light Co.,* 1 So. 3d 400, 404 (Fla. 3d DCA 2009) (affirming order granting motion to dismiss with prejudice); *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank,* 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (same); *Hillman Constr. Corp. v. Wainer,* 636 So. 2d 576, 577 (Fla. 4th DCA 1994).

Federal district courts applying Florida law have also required that the defendant confer a benefit *directly* on the plaintiff.  *E.g., City of Miami v. Bank of Am.,* 2014 WL 3362348 at *6 (S.D. Fla. 2014) (dismissal with prejudice); *Hedge Capital Inv. Ltd. v. Sustainable Growth Group Holdings, LLC,* 952 F. Supp. 2d 1300, 1309 (S.D. Fla. 2013) (plaintiff must prove that it, not another party, enriched defendant); *Jallali v. USA Funds,* 2012 WL 3291873 at *9 (S.D. Fla. 2012) (dismissal with prejudice); *Century Senior Serv. v. Consumer Health Benefit Assoc., Inc.,* 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011) (same).

And while several recent federal courts applying Florida law have determined that the plaintiff may confer a "direct" benefit through an intermediary, in each of those cases the plaintiff conferred the benefit on the defendant through a single intermediary that was alleged to be a joint tortfeasor or co-conspirator with the defendant in a fraudulent scheme.  *E.g., State Farm Mutual Auto. Ins. Co. v. A&J Medical Center, Inc.,* 2014 WL 2025799 at *4-5(S.D. Fla. 2014)(fraudulent PIP benefits scheme between intermediary medical center and medical director); *Hamilton v. Suntrust Mortgage Inc.,* 6 F. Supp. 3d 1312, 1317 (S.D. Fla. 2014) (fraudulent force-placed insurance scheme

through bank intermediary); *Ulbrich v. GMAC Mortgage, LLC,* 2012 WL 3516499 at *2 (S.D. Fla. 2012) (force-placed insurance scheme between intermediary lender and insurance company). Benefits indirectly derived by the defendant through other corporations doing business with the plaintiff, however, are not sufficient to establish the conferral of a direct benefit. *Century Senior Services,* 770 F. Supp. at 1267 (dismissing unjust enrichment claim).

Thus, Plaintiffs' Second Amended Complaint must be dismissed because Plaintiffs fail to plead that they conferred a direct benefit on any Defendant. Instead, Plaintiffs allege that in connection with the Miami A/I transaction they made capital contributions to Harcone 44B LLC, which contributed that money to Harcone 44 LLC, which contributed that money to 150 NE 7th LLC to make a deposit on the Miami A/I parcel. Similarly, in connection with the MWC Project Entities, Plaintiffs allege that they contributed capital to the 44B LLCs, which provided the money to the MWC Project LLCs, which paid the monies to the sellers of the 38 acquired properties.

In neither of these scenarios did Plaintiffs directly confer anything on any Defendant. Nor did Defendants collude or conspire with any intermediary to obtain the alleged benefit. To the contrary, Plaintiffs allege that the Defendants independently appropriated the assets of the MWC Project LLCs after the project's lenders acquired the properties at a public foreclosure sale and later sold the properties to certain of the Defendants. No reported case applying Florida law has ever found that such remote and attenuated interests in a series of transactions arising over a period of years is sufficient to constitute the conferral of a "direct" benefit under Florida law.

Under these circumstances, any possible benefit supposedly conferred by Silverman on any Defendant is anything but "direct."

### B. Plaintiffs Cannot State a Claim Because They Received Consideration for their Capital Contributions

A plaintiff also cannot state a claim for unjust enrichment when it receives due consideration for the benefit allegedly conferred. *E.g., Baptista v. JPMorgan Chase Bank N.A.,* 640 F.3d 1194, 1198 n. 3 (11thCir. 2011); *Alvarez v. Royal Caribbean Cruises Ltd.,* 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (plaintiff cannot claim unjust enrichment where the plaintiff has derived a substantial benefit); *Real Estate Value Co. Inc. v. Carnival Corp.,* 92 So.3d 255, 263 (Fla. 3d DCA 2012); *Moynet v. Courtois,* 8 So. 3d 377, 379 (Fla. 3d DCA 2009) (plaintiff that received what it bargained for cannot state a claim).

Based on their own allegations, Plaintiffs in fact received due consideration for their capital contributions: their LLC membership interests in Harcone 44B LLC and the 44B LLCs. Plaintiffs obtained further value through their attenuated interests in Harcone 44 LLC, 150 NE 7th LLC, the MWC Project LLCs, and the 38 properties the MWC Project LLCs successfully purchased. Having received value in return for the monies they contributed, Plaintiffs cannot state a claim for unjust enrichment.

### C. Plaintiffs Cannot State a Claim for Unjust Enrichment Because They Have an Adequate Remedy at Law

A plaintiff also cannot state a claim for unjust enrichment if it has an adequate remedy at law. *E.g., Guerrero v. Target Corp.,* 889 F. Supp. 2d 1348, 1356-57 (S.D. Fla. 2012) (FDUTPA claim is adequate legal remedy precluding unjust enrichment claim when both claims are based on the same conduct). And while ordinarily at the

-11-

pleadings stage a plaintiff may plead mutually exclusive legal and equitable claims in the alternative, where there is no dispute that an express contract or other legal remedy governs, the plaintiff cannot state a claim for unjust enrichment.  *Id.; see also Persaud v. Bank of Am. N.A.,* 2014 WL 4260853 at *13 (S.D. Fla. 2014) (unjust enrichment may only be plead in alternative if party disputes validity of contract governing the dispute); *Alhassid v. Bank of Am. N.A.,* 2014 WL 6480656 (S.D. Fla. 2014) (no unjust enrichment claim where Plaintiffs cannot dispute authenticity of contracts governing dispute); *Embry v. First Franklin Fin. Corp.,* 2013 WL 1289401 at *4 (S.D. Fla. 2013) (unjust enrichment claim may not be plead if all parties agree that an express contract governs dispute).

In this case, Plaintiffs' legal rights are confined, as a matter of law, to those afforded to them in their capacity as members of Harcone 44B and the 44B LLCs.  And in that capacity, Florida's Limited Liability Company Act expressly provides them a right of action for damages against the LLC or the LLC's manager. *See* Fla. Stat. § 608.4225 (establishing manager's fiduciary duties to LLC and all of the members), § 608.4228 (specifying circumstances under which manager may be personally liable to LLC or its members), and § 608.462 (recognizing member's right to enforce rights against LLC). At the same time, § 608.462 expressly precludes a member from bringing a claim against third parties for damages suffered by the LLC entity.

Thus, the fundamental balancing of interests built into the legislative scheme of Florida's LLC Act is that an individual member can neither sue, or be sued by, third parties. Specifically, § 608.4227 provides that members of an LLC are not liable for any debt, liability or obligation of the LLC.  Reciprocally, § 608.462 provides that a member is not a proper party to proceedings by an LLC against a third party.  Indeed, Plaintiffs'

allegations affirmatively acknowledge that they invested in the Miami Worldcenter project through LLC entities "for liability and other business purposes." [Second Amended Complaint ¶ 32]. Having affirmatively opted to participate in the Miami Worldcenter development through this legal paradigm, Plaintiffs cannot use an unjust enrichment claim as an end run around their legal rights and obligations dictated by Florida's Limited Liability Company Act.

Because Plaintiffs have the statutory right to sue their LLCs and/or the LLCs' managers for any harm they have suffered to their LLC membership interests, they have an adequate and exclusive remedy at law that absolutely precludes their alternative unjust enrichment claim in this case.

### D. Plaintiffs Improperly Premise Their Claim on the Commission of a Wrong

A line of federal court decisions applying Florida law have determined that "the law of unjust enrichment is concerned solely with enrichments that are unjust independently of wrongs and contracts." *Flint v. ABB Inc.,* 337 F.3d 1326, 1331 n.2 ( 11th Cir. 2003). "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when in should be in another's." *State of Florida Office of Attorney General v. Tenet Healthcare Corp.,* 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) quoting *Guyana Tel. & Tel. Co. v. Melbourne Int'l Comms. Ltd.,* 329 F.3d 1241, 1245 n. 3 (11th Cir. 2003). Thus, where a plaintiff bases its claim on the defendant's alleged wrongful conduct, no unjust enrichment claim is stated because the plaintiff's right of recovery arises from the alleged tort committed by the defendant. *See e.g., Tilton v. Playboy Ent. Group Inc.,* 2007 WL 80858 at *3 (M.D. Fla.

2007); *Union Pacific R.R. Co. v. Paragon Lab. Inc.,* 2006 WL 3709619 *4 (S.D. Fla. 2006); *State of Florida v. Tenet,* 420 F. Supp. 2d at 1309 (S.D. Fla. 2005).

In this case, Plaintiffs' unjust enrichment Count is expressly based on Defendants alleged "wrongful acts – including among other things, fraudulent transfers and strategic defaults" that renders the enrichment "unjust." Thus, based on the foregoing authorities, Plaintiffs cannot state a claim for unjust enrichment.

### E. As to Numerous of the Named Defendants, Plaintiffs Fail to Plead Any Allegations of Any Material Conduct

Plaintiffs' complaint improperly sues several entities affiliated with Arthur Falcone, including Falcone Group, LLC, Falcon Commercial Development, LLC, Falcon Park West, LLC, Falcon Park West II, LLC, Miami Worldcenter Holdings, LLC, and MR 44 MGR, LLC, without making any affirmative allegations regarding their conduct.

In violation of Fla. Stat. § 608.4227, Plaintiffs also sue two other Falcone-related entities, Park West Ventures, LLC, and PWV Member, LLC, on no basis other than they are alleged to be members, or members-of-members, of certain other LLCs. *See* SAC ¶¶ 63 – 64.

Plaintiffs' claims against these Defendants should be dismissed.

### 3. Plaintiffs' Unjust Enrichment Claim is Barred by the Statute of Limitations

Where grounds for dismissal based on the applicable statute of limitations are apparent from the face of the complaint, dismissal is appropriate. *E.g., Love v. Wal-Mart Stores, Inc.*, 2013 WL 5434565 at *2 (S.D. Fla. 2013) ("a 12(b)(6) motion to dismiss on statute of limitations grounds may be granted if it is apparent from the face of

the complaint that the claim is time-barred") (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845–45 (11th Cir. 2004)).

Under Florida law, the statute of limitations for a claim of unjust enrichment is four years from the date when the plaintiff confers the benefit.  Fla. Stat. § 95.11(3)(k); *Merle Wood & Associates, Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1239 (11th Cir. 2013) (four year limitations period begins to run when the plaintiff ceases providing benefits to the defendant, regardless of when, or whether, the defendant will enjoy the value of the benefits); *Kaye v. Ingenio, Filiale de Loto-Quebec, Inc.*, 2014 WL 2215770 *9 (S.D. Fla. May 29, 2014) ("the statute of limitations is not triggered by when the defendant availed himself of the benefit.  Instead, it relies on the point in time when the uncompensated benefit was actually conferred"); *Moneyhun v. Vital Indus., Inc.*, 611 So. 2d 1316, 1322 (Fla. 1st DCA 1993) (statute of limitations commences running as to quantum meruit cause of action when the plaintiff ceases performing services); *Matthews v. Matthews*, 222 So. 2d 282, 286 (Fla. 2d DCA 1969) (claim for quantum meruit accrues when the services are provided).

In this case, Plaintiffs allege that they conferred a benefit on Defendants by contributing $40 million towards the MWC Project LLCs' acquisition of real properties "between 2004 and 2009." [SAC ¶ 39]. [6]  Plaintiffs did not file this action until March 25,

---

[6] In what appears to be a typographical error, paragraph 106 of the Second Amended Complaint alleges that the MWC Project LLCs purchased properties between 2004 and 2010.  Paragraph 39, however, alleges that Plaintiffs' contributions of money toward property purchases were made through 2009, and other allegations of the complaint acknowledge that by 2010, lenders for the Miami Worldcenter had already initiated foreclosures on the acquired properties. [*See* SAC ¶¶ 82, 89].

2014. Thus, based on their own allegations, their unjust enrichment claim is time-barred and must be dismissed.

### 4. Plaintiffs' Demand for the Remedy of an Accounting is Inadequate in the Absence of Any Other Actionable Claim

Under Florida law, an accounting claim is in the nature of a remedy that "calls first for the establishment of the right or basis for the accounting with actual accounting following." *Hedge Capital Investments Ltd. v. Sustainable Growth Group Holdings, LLC,* 952 F. Supp. 2d 1300, 1308-09 (S.D. Fla. 2013); *see also Bernardele v. Bonorino,* 608 F. Supp. 2d 1313, 1329 (S.D. Fla. 2009)(to state a claim for accounting, plaintiff must show that he or she has a right of some kind in the funds involved); *Wachovia Bank N.A. v. Tien,* 534 F. Supp. 2d 1267, 1288 (S.D. Fla. 2007)(same).

Thus, "where a request for accounting is premised on liability in other counts, and those claims warrant dismissal, the claim for accounting also fails." *Hedge Capital,* 952 F. Supp. at 1309 (internal quotations omitted).

Consequently, because Plaintiffs lack standing and fail to state a claim for unjust enrichment, and because Count II is subject to summary judgment for the reasons set forth in our accompanying motion for summary judgment, Plaintiffs have no claim of entitlement to any relief and the accounting claim must also be dismissed.

WHEREFORE, for the foregoing reasons, the Falcone Defendants move the Court to dismiss Counts I and III of the Second Amended Complaint with prejudice.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 W. Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395


By:  /s/Eugene E. Stearns
      EUGENE E. STEARNS
      Florida Bar No. 149335
      estearns@stearnsweaver.com
      MARK P. DIKEMAN
      Florida Bar No. 623547
      mdikeman@stearnsweaver.com
      VERONICA L. DE ZAYAS
      Florida Bar No. 91284
      vdezayas@stearnsweaver.com

      *Attorneys for the Falcone Defendants*

-17-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                      */s/ Mark P. Dikeman*

                                                     MARK P. DIKEMAN

**SERVICE LIST**
*Harvey Silverman and Silverman Partners, L.P.*
Case No. 14-CV-80407-SCOLA/VALLE
USDC, Southern District of Florida, Palm Beach Division

| | |
|---|---|
| Howard M. Srebnick, Esq.<br>Florida Bar No. 919063<br>Jared M. Lopez, Esq.<br>Florida Bar No. 103616<br>**Black Srebnick Kornspan & Stumpf**<br>201 S. Biscayne Blvd., Suite 1300<br>Miami, FL 33131<br>Tel:  305-371-6421<br>Fax:  305-358-2006<br>Email:  HSrebnick@RoyBlack.com<br>Email:  jlopez@RoyBlack.com<br>*Counsel for Plaintiffs* | Richard A. Morgan, Esq.<br>Matthew J. Feeley, Esq.<br>Jennifer Olmedo-Rodriguez, Esq.<br>**Buchanan Ingersoll & Rooney PC**<br>100 SE 2nd Street, 34th Floor<br>Miami, Florida 33131<br>richard.morgan@bipc.com<br>matthew.feeley@bipc.com<br>jennifer.olmedo-rodriguez@bipc.com<br>*Attorneys for Defendants Miami A/I LLC, Miami First, LLC, and Miami Second, LLC* |
| Genevieve M. Trigg, Esq.<br>Leslie M. Apple, Esq.<br>**Whiteman Osterman & Hanna LLP**<br>One Commerce Plaza<br>Albany, NY 12260<br>Tel:  (518) 487-7600<br>Email:  gtrigg@woh.com<br>Email:  lapple@woh.com<br>*Co-Counsel for Plaintiffs* | Jay H. Solowsky, Esq.<br>Florida Bar No. 285358<br>**Solowsky & Allen, P.L.**<br>915 Miami Center<br>201 S. Biscayne Blvd.<br>Miami, FL 33131<br>Tel:  305-371-2223<br>Fax: 305-373-2073<br>Email:  jsolowsky@salawmiami.com<br>*Counsel for Defendant, CENTURION PARTNERS PW INVESTORS, LLC* |

#3935934 v1

-19-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200